UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
MICHELLE BAGLEY *et al.*,

                Plaintiffs,

      -against-

THE NEW YORK STATE DEPARTMENT
OF HEALTH *et al.*,

                Defendants.
---------------------------------------------------------- X

**MEMORANDUM AND ORDER**
15 CV 4845 (FB) (CLP)

**POLLAK**, United States Magistrate Judge:

      Named plaintiffs Michelle Bagley, Gary Milline, Hamilton Smith, and Marcella Urban (collectively, "plaintiffs") filed this putative class action on August 18, 2015 against the New York State Department of Health, the Commissioner of the New York State Department of Health, and Visiting Nurse Association Health Care Services, Inc., d/b/a VNA of Staten Island (collectively, "defendants"). The plaintiffs challenge the design and administration of the Nursing Home Transition and Diversion ("NHTD") waiver program, and allege that "[b]ut for [d]efendants' failure to design and administer New York's Medicaid Plan in accordance with federal law and regulations, [plaintiffs] would be able to maintain their dignity and independence by safely receiving the care that they need through home- and community-based Medicaid services." (Compl. ¶ 2, Aug. 18, 2015, ECF No. 1). The plaintiffs seek declaratory and injunctive relief, as well as attorneys' fees and costs.

      Presently before the Court is the parties' dispute regarding whether and under what conditions electronically stored information ("ESI") relating to plaintiffs' claims should be produced. Specifically, the parties disagree about whether the ESI should be redacted prior to production and, if redaction is appropriate, how much information should be redacted.

1

Defendants' submissions establish that requiring redactions will add several weeks, if not months, to the timeline for production of ESI, and plaintiffs have established that they would face an undue burden in seeking to certify a class if they are not allowed to discover information regarding putative class members that contains sufficient detail to render it useable. The Court thus concludes that requiring redactions as proposed by the defendants would result in undue burden and delay, which militates strongly in favor of requiring production without redactions.

Furthermore, the privacy interests of putative class members in the information sought, which is indispensable to the class certification inquiry, can be adequately addressed through a comprehensive protective order. See, e.g., Babbitt v. Albertson's, Inc., No. 92 CV 1883, 1992 WL 605652, at *5 (N.D. Cal. Nov. 30, 1992); see also Federal Judicial Center, Manual for Complex Litigation § 21.14 (4th ed. 2004). Courts examine precertification discovery requests that would reveal contact information of putative class members with significant circumspection, lest precertification discovery facilitate an attorney's improper attempts to acquire more individual clients instead of furthering resolution of the putative class actions. This concern has significantly less force in this context, however, where plaintiffs seek only injunctive relief.

On the other hand, the Court recognizes the sensitive nature of the information contained in these files, some of which may include information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104–191, 110 Stat. 1936 (1996), and its implementing regulations. See, e.g., 42 U.S.C. § 1320d(4) (defining "health information"); id. § 1320d(6) (defining "individually identifiable health information"); 45 C.F.R. § 160.103 (providing that "[p]rotected health information means individually identifiable health information [subject to certain exceptions]"). However, HIPAA does not place medical records outside the reach of discovery:

> The regulations promulgated to implement [HIPAA] explicitly contemplate that both state and federal courts will issue protective orders in the form of a "HIPAA-Qualified Protective Order" to allow covered health providers to disclose a patient's medical information. See 45 C.F.R. §§ 164.512(e)(i)-(ii). To enable a covered entity to release such information, the protective order must specifically provide that: (1) the parties are prohibited from using or disclosing protected health information for a purpose other than that for which it was requested, and (2) any information provided in response to such an order must be returned to the provider or destroyed at the end of the litigation. See 45 C.F.R. §§ 164.512(e)(v)(A)-(B).

Johnson v. Federal Bureau of Prisons, No. 16 CV 3919, 2017 WL 5197143, at *2 (E.D.N.Y. Nov. 9, 2017). "Thus, federal courts routinely issue protective orders to ensure the confidentiality of medical records," as the nature of the information sought and the protection and procedure provided by HIPAA and related regulations constitute a showing of "good cause" within the meaning of Rule 26(c)(1) of the Federal Rules of Civil Procedure. Id.

After a review of the information sought, and based on its familiarity with the case gained through two years of pretrial supervision, the Court is confident that the instant discovery is sought entirely for proper purposes and is indispensable to the issue of class certification. To the extent that the information sought also relates to the merits of the claims, this case presents circumstances in which it is appropriate to allow some merits discovery prior to certification. See Manual for Complex Litigation § 21.14 (explaining that "[a]llowing some merits discovery during the precertification period is generally more appropriate for cases that are large and likely to continue even if not certified").

The Court therefore orders the defendants to produce relevant ESI without redactions, but subject to a carefully-tailored protective order in order to protect the privacy interests of putative class members and other non-parties. The protective order shall provide that: (1) access to and

dissemination of any information produced is limited to the parties' attorneys only;[1] (2) the parties are prohibited from using or disclosing protected health information outside of this litigation or for a purpose other than that for which it was requested in this litigation; and (3) any information provided in response to or subject to the protective order must be returned to the provider or destroyed at the end of this litigation. See 45 C.F.R. §§ 164.512(e)(v)(A)-(B)

The parties are directed to meet and confer to draft the terms of a proposed protective order and to submit their proposal to the Court by December 18, 2017. If the parties cannot agree on a particular issue, they shall include a brief letter explaining the dispute when they submit the proposed order, and the Court will resolve any disputes regarding the terms of the confidentiality order at the conference scheduled for December 19, 2017.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
December 7, 2017

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

[1] Either party may, if it should become appropriate after the attorneys receive and review the production, request that the Court modify the protective order to permit experts or other support personnel who are reasonably necessary to assist in this litigation to access the information on the condition that any such person agrees in writing to be bound by the terms of the order.