UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MICHELLE BAGLEY, GARY MILLINE,
HAMILTON SMITH, MARCELLA URBAN
and other similarly situated individuals,

                    Plaintiffs,

                                    **MEMORANDUM**
                                    **AND ORDER**
      -against-                       15 CV 4845 (FB)(CLP)


THE NEW YORK STATE DEPARTMENT OF
HEALTH, HOWARD ZUCKER, COMMISSIONER
OF THE NEW YORK STATE DEPARTMENT OF
HEALTH, in his official capacity, and VISITING
NURSE ASSOCIATION HEALTH CARE
SERVICES, INC., d/b/a VNA of STATEN ISLAND,

                      Defendants.

------------------------------------------------------------ x
**POLLAK**, United States Magistrate Judge:

       On August 18, 2015, plaintiffs commenced this Section 1983 Civil Rights class action against defendants the New York State Department of Health (the "Health Department"), Howard Zucker, the Commissioner of the Health Department, and the Visiting Nurse Association Health Care Services, Inc., d/b/a VNA of Staten Island ("VNA") (collectively, "defendants"), seeking declaratory and injunctive relief based on alleged violations of the Due Process Clause of the Fourteenth Amendment to the Constitution, the Medicaid Act, Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act, in connection with the defendants' alleged failure to properly administer the Nursing Home Transition and Diversion ("NHTD") waiver program. Pending before this Court is plaintiffs' motion to amend their class complaint to add an additional plaintiff, Sharan Harper, and

supplemental allegations based on information learned during discovery and changes in circumstances.

Defendants Health Department and VNA do not oppose the addition of Ms. Harper as a plaintiff, or to the other factual changes to the Complaint, but they both object to the filing of an amended pleading that continues to include claims brought by plaintiffs Bagley and Milline. (Health Dept. Mem.[1] at 2; VNA Mem.[2] at 1). Defendants assert that both Bagley and Milline have been moved into the community and are currently receiving services under the NHTD Medicaid Waiver Program and thus no longer have viable claims against the defendants. (Id.)

For the reasons set forth below, the Court grants plaintiffs' motion to amend.[3] Insofar as defendants seek to dismiss the claims brought by plaintiffs Bagley and Milline, they are directed to request a pre-motion conference with the district court. This Court declines to consider the issue of dismissal at this time as it is not properly before this Court.

## FACTUAL BACKGROUND

The NHTD Medicaid waiver program was designed both to assist individuals in nursing homes to successfully integrate into the community by transitioning them out of nursing homes and to prevent individuals from being institutionalized in the first place. (Compl. ¶ 13).[4] The Health Department is an agency of the State of New York that licenses, supervises, and enforces laws and regulations applicable to nursing homes, and that administers New York's Medicaid program, including the NHTD waiver program. (Id. ¶ 21). VNA is a not-for-profit corporation

---

[1] Citations to "Health Dept. Mem." refer to the State Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend the Class Action Complaint," dated February 22, 2019, ECF No. 105.
[2] Citations to "VNA Mem." refer to defendant VNA's Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend Their Class Action Complaint, dated February 22, 2019, ECF No. 106.
[3] Plaintiffs have requested oral argument in this case. Since the Court is granting plaintiffs' motion and defendants did not seek oral argument, the Court has not scheduled argument on this motion to amend.
[4] Citations to "Compl." refer to plaintiffs' Complaint, dated August 18, 2015, ECF No. 1.

that administers the NHTD waiver program on behalf of the Health Department in the New York City region. (Id. ¶ 24). Plaintiffs are current and future applicants to the NHTD waiver program who allege that they have been or will be denied access to benefits under the program without due process of law. (Id. ¶ 20).

Plaintiffs allege that defendants have failed to properly administer the NHTD waiver program, "forcing individuals to languish in nursing homes while waiting to access the benefits to which they are entitled." (Pls.' Mem.[5] at 1). Plaintiffs allege that applicants for NHTD benefits are required to go through a complicated application process that includes an interview with a Regional Resource Development Center ("RRDC") and the selection of a third-party service coordinator to help in the preparation of the waiver application. (Id. at 2). Plaintiffs allege that defendants: 1) fail to provide notice to applicants that their applications have been denied and that they have the right to appeal; 2) fail to give appropriate notice to individuals whose eligibility has been revoked; 3) fail to ensure that the waiver program has adequate resources to ensure that applicants are able to complete the process and obtain benefits in a timely manner; 4) provide applicants with outdated service coordinator lists, fail to assist in locating service coordinators, and allow coordinators to drop applicants at will. (Id.) As a result, applicants who are unable to engage a service coordinator, which is a prerequisite to submitting a plan, struggle to find suitable housing and services, and unnecessarily languish in nursing homes. (Id. at 2-3).

In seeking to amend their Complaint, plaintiffs note that the parties have engaged in discovery and have begun taking depositions, but that the problems identified in the initial

---

[5] Citations to "Pls.' Mem." refer to the Plaintiffs' Memorandum of Law in Support of Their Motion for Leave to Amend the Class Action Complaint, filed February 8, 2019, ECF No. 103.

Complaint continue. (Id. at 3). They seek to add as a plaintiff Sharan Harper, who uses a wheelchair and walker to move around, but is currently confined to a nursing home. (Id. at 4; First Am. Compl.[6] ¶¶ 160-61). Plaintiffs allege that while Ms. Harper needs assistance with certain activities, she would like to live in the community with home-based support, but despite requesting an application for entry into the NHTD waiver program in October 2016, she still has not received assistance. (Pls.' Mem. at 4-5; First Am. Compl. ¶¶ 163-177). Plaintiffs allege that like the other named plaintiffs, Ms. Harper requested an application from VNA, which took a month to receive; promptly returned the referral form in December 2016, and had an intake interview with VNA in January 2017. (First Am. Compl. ¶ 163). VNA gave her the names of service coordinators, but despite six months of trying to contact the coordinators, VNA closed her case in July 2017, citing her failure to select a service coordinator quickly enough. (Id. ¶ 173). Under the program, she was thus ineligible to participate unless she began the application process all over again. (Id. ¶ 174).

Ms. Harper then reapplied in August of 2017, only to be told by the VNA that she was not eligible for the NHTD waiver program because she was enrolled in a Medicaid Managed Long-Term Care Plan, contradicting what she had been told during her January 2017 intake interview. (Id. ¶¶ 163, 177). At that interview, she was told that she was eligible for the waiver program but would have to disenroll from the Long-Term Care Plan upon discharge from the nursing home. (Id.) Plaintiffs allege that the letter Ms. Harper received from the VNA on August 4, 2017 was substantively wrong because it indicated that she was ineligible for the

---

[6] Citations to "First Am. Compl." refer to the plaintiffs' proposed First Amended Class Action Complaint attached as Exhibit A to plaintiffs' Notice of Motion, dated Feb. 8, 2019, ECF No. 104.

waiver program and was procedurally defective because it failed to advise her of her right to appeal, including her right to a fair hearing. (Id. ¶ 178).

Plaintiffs assert that Ms. Harper's claims are similar to the allegations raised by the other four plaintiffs in that defendants violated Ms. Harper's due process rights by failing to provide appropriate notice when her status within the program changed, failing to ensure her right to receive Medicaid services with reasonable promptness, and failing to provide services in the most integrated appropriate setting. (Pls.' Mem. at 5). Plaintiffs note that Ms. Harper has not asserted any new causes of action and simply seeks to join in the existing claims under the Medicaid Act, ADA, Rehabilitation Act, and Due Process clauses. (Id.) Although plaintiffs provided defendants with a proposed First Amended Class Action Complaint, with a redline version showing the proposed changes, defendants refused to consent on the basis that two of the original plaintiffs – not Ms. Harper – had been moved into the community, leaving their claims "moot." (Id. at 6). Indeed, in opposing the motion to amend, defendants make the same arguments.

## DISCUSSION

A. <u>Motion to Amend - Standards</u>

Rule 15 of the Federal Rules of Civil Procedure provides that when a party seeks to amend its pleading beyond the time period allowed for an amendment as a matter of course, that party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Thus, absent the opposing party's consent, the Rule requires a party seeking to amend its pleadings to obtain permission from the court before doing so. <u>Id.</u>

Rule 15 expresses a strong presumption in favor of allowing amendment, stating that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the decision whether to grant a plaintiff's motion to file an amended pleading remains within the court's discretion, see Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995), an amendment should not be allowed where there has been bad faith or dilatory motives or where the amendment would be futile or would cause undue delay or undue prejudice to the opposing party. See Foman v. Davis, 371 U.S. 178, 182 (1962); McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200-01 (2d Cir. 2007) (holding that the Second Circuit has cautioned that an amendment should only be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party"); accord Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). Zahra v. Town of Southold, 48 F.3d at 685; John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994); Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993); Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1198 (2d Cir. 1989). The party opposing amendment bears the burden of demonstrating good reason for denial. Speedfit, LLC v. Woodway USA, Inc., No. 13 CV 1276, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015).

B. Analysis

Plaintiffs assert that the amendments are not futile; that defendants will not suffer undue prejudice as a result of the amendment; and that there is no undue delay or bad faith on the part of the plaintiffs in moving to amend. (Pls.' Mem. at 7-11). With respect to the viability of the amendments, plaintiffs note that defendants never moved to dismiss the original Complaint on grounds of futility and have no basis now to argue that the allegations raised by Ms. Harper fail to state a claim. (Id. at 10 (citing Dixon v. Magna-Rx, Inc., No. 14-07196, 2016 U.S. Dist.

LEXIS 49990, at *16-17 (C.D. Cal. Mar. 31, 2016); Robinson v. Horizon Blue Cross-Blue Shield, No. 12-02981, 2015 U.S. Dist. LEXIS 22294, at *16 (D.N.J. Feb. 24, 2015), aff'd, 674 Fed. App'x 174 (3d Cir. 2017))).

Plaintiffs also contend that because defendants would not be required to expend significant resources to conduct discovery and prepare for trial and because Ms. Harper's claims are virtually identical to those of the existing plaintiffs, defendants will not suffer prejudice from the addition of Ms. Harper as a plaintiff in the action. (Pls.' Mem. at 8). As for the additional discovery required by the addition of Ms. Harper as plaintiff, plaintiffs note that counsel has already started to collect Ms. Harper's documents and will produce her promptly for her deposition once the motion to amend is decided. (Id.) Since depositions of the named plaintiffs have each averaged two hours, and there are minimal documents, plaintiffs argue that the need for additional discovery in this case would not be prejudicial. (Id. (citing Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 100 (S.D.N.Y. 2010) (holding that "the need for new discovery is not sufficient to constitute undue prejudice on its own") (citing United States Cont'l Ill. Nat'l Bank & Trust Co., 889 F.2d 1248, 1255 (2d Cir. 1989))).

Moreover, the amendment would not significantly delay the completion of depositions and discovery which includes third-party discovery and Rule 30(b)(6) depositions. Nor would the addition of the various factual changes being made to the Complaint based on information learned during discovery result in delay. Finally, the fact that Ms. Harper's claims are materially the same as those in the existing Complaint demonstrates that there will be no prejudice to defendants if she is added as a plaintiff. (Id. (citing Garcia v. Pancho Villa's of Huntington Vill., Inc., 268 F.R.D. 160, 166 (E.D.N.Y. 2010))).

7

The only objection raised by defendants to the amendment has nothing to do with Ms. Harper's claims or to the additional factual changes made to the Complaint. The VNA explicitly states in its Memorandum of Law that the "VNA does not opposing adding Sharan Harper as a Plaintiff." (VNA Mem. at 1). The Health Department similarly states that the "State Defendants do not oppose the addition of proposed plaintiff Sharan Harper or new facts learned in discovery." (Health Dept. Mem. at 2). Instead, both defendants oppose the motion to amend because the Amended Complaint continues to include claims on behalf of Ms. Bagley and Mr. Milline. The defendants argue that the proposed Amended Complaint is futile based on the fact that, since the commencement of the litigation, Bagley and Milline have moved back to the community and are receiving NHTD waiver benefits. (Health Dept. Mem. at 6; VNA Mem. at 1, 3). Thus, defendants argue that their claims are moot.

It is well established that under Article III of the Constitution, a federal court cannot adjudicate a case unless there is "an actual 'case or controversy.'" N.J. Carpenters Health Fund v. Novastar Mortg., Inc., No. 17-2859, 2018 U.S. App. LEXIS 29487, at *6 (2d Cir. Oct. 19, 2018) (citing United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395-96 (1980)). Since the claims brought by Bagley and Milline seek only declaratory or injunctive relief that will not alter their present circumstances, and there is no injury alleged for which redress on their behalf is available, the VNA contends that their claims are moot and there is no longer any case or controversy with respect to their claims. (VNA Mem. at 2-3). The VNA further argues that while there are exceptions to the mootness doctrine for claims that are "capable of repetition, yet evading review," those exceptions do not apply here where "there is no basis to believe – let alone a reasonable expectation – that Bagley's and Milline's claims . . . are reasonably likely to recur." (Id. at 3 (quoting N.J. Carpenters Health Fund v. Novastar Mortg., Inc., 2018 U.S. App.

8

LEXIS 29487, at *9)). The VNA argues that since Bagley and Milline are currently program participants, there is "nothing more than speculation" to suggest that they would be applying to the waiver program in the future. (VNA Mem. at 3).

The Department of Health raises similar arguments. Citing Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Health Department defendants indicate a desire to dismiss the claims of Bagley and Milline, but acknowledge that since a magistrate judge is not authorized under 28 U.S.C. § 636(b)(1)(A) to rule on a motion to dismiss, the motion to amend and the Health Department's partial motion to dismiss should be decided in tandem; counsel indicates a willingness to submit a pre-motion letter to the district court to allow the cross-motion to dismiss and the motion to amend to be decided together. (Health Dept. Mem. at 5). Like the VNA defendant, the Health Department defendants argue that because Bagley and Milline have moved back to the community and are receiving NHTD benefits, their claims are moot and should be dismissed. (Id. at 6). The defendants further contend that the condition of mootness is not a waivable defense and therefore deprives the court of subject matter jurisdiction. (Id. at 7). In addition, the Health Department defendants argue that to the extent that Bagley and Milline have moved to the community, at best they can only seek an advisory opinion that the State defendants violated their rights in the past; the defendants argue that there is no relief that they may obtain in federal court. (Id. at 8). Finally, the Health Department defendants raise arguments under the Eleventh Amendment to the extent that plaintiffs have brought claims against the DOH Commissioner, Howard Zucker, in his official capacity. (Id.)

In response, plaintiffs correctly note that to the extent that defendants are not challenging the proposed amendments, but rather seek dismissal of certain of the existing claims, that is not a

9

basis upon which to deny a motion to add Ms. Harper as a plaintiff. (Pls.' Reply[7] at 3-4). The Court agrees. As plaintiffs note, defendants had several avenues to follow if they were seeking to dismiss the Bagley and Milline claims, and if, as the Health Department Memorandum suggests, there is a basis to dismiss the Commissioner on Eleventh Amendment grounds. At any time after August 2017, which is when plaintiffs assert Ms. Bagley and Mr. Milline were transitioned to the community, defendants could have filed a pre-motion conference request with the district court seeking to dismiss their claims. Similarly, it is unclear why the Eleventh Amendment argument could not have been made almost immediately upon the filing of the initial Complaint; nothing learned during the ensuing four plus years of litigation and discovery would have altered the basis for that motion.

More importantly, although defendants claim that they are prepared to file a pre-motion conference request with the district judge, they have not done so in the more than three months since the last conference with this Court on January 24, 2019, when plaintiffs indicated their intention to add a new plaintiff. Had defendants raised the issue at that time, this Court would have scheduled briefing of the pre-motion conference letter request and the motions could have been briefed in tandem. Instead, defendants now seek to have this Court delay resolution of the motion to amend to allow several more months to go by while they prepare the pre-motion letters, meet with the district judge, and then brief the partial motion to dismiss.

Since the defendants' objections to the proposed Amended Complaint have no impact on the claims sought to be raised by Ms. Harper or even on the factual amendments based on information learned during discovery, the Court grants plaintiffs' motion to amend insofar as it

---

[7] Citations to "Pls.' Reply" refers to the Plaintiffs' Reply Memorandum of Law in Further Support of Their Motion for Leave to Amend the Class Action Complaint, dated March 1, 2019, ECF No. 107.

adds Ms. Harper as a plaintiff and to the extent it makes limited changes in the factual pleadings. The Court expresses no view on the viability of the continued claims of Ms. Bagley or Mr. Milline,[8] nor is this Court prepared to consider the other arguments raised by the defendants that relate to the claims in the initial Complaint. If defendants seek to dismiss the claims brought by Ms. Bagley and Mr. Milline, or the Health Department defendants seek to dismiss the claims against Mr. Zucker in his official capacity, they are directed to serve a letter requesting a pre-motion conference, in accordance with the district judge's rules, on or before June 4, 2019. Plaintiffs may file a responsive letter by June 11, 2019. Discovery shall proceed as scheduled.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated: Brooklyn, New York
May 21, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

[8] Although plaintiffs do not address the issue of dismissal on the grounds of mootness in detail, they suggest in a footnote that defendants have not satisfied their "heavy" burden of showing no reasonable expectation of repetition, nor can they show that the events have "'eradicated the effects of the alleged violation.'" (Pls.' Mem. at 3, n. 1 (citing N.Y. State NOW v. Terry, 159 F.3d 86, 91 (2d Cir. 1998))). Specifically, plaintiffs assert that while Ms. Bagley and Mr. Milline may have received "some" services, it is not clear that they are receiving everything they are entitled to. Plaintiffs further assert that, given the allegations in the Complaint, applicants found eligible for benefits have nonetheless been denied benefits after they were found eligible, and that defendants "voluntary cessation" of their illegal practices does not ensure that they could not reinstate them in the future. (Id. (citing Cruz v. Zucker, 195 F. Supp. 3d 544, 568 (S.D.N.Y. 2016))).