IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHELLE BAGLEY; GARY MILLINE;          :
HAMILTON SMITH; MARCELLA URBAN;         :      15-cv-4845 (FB) (CLP)
SHARA HARPER, and other similarly situated  :
 individuals,                           :
                                        :
                                        :      **STATE DEFENDANTS'**
                                        :      **ANSWER TO FIRST**
                        Plaintiffs,     :      **AMENDED CLASS ACTION**
                                        :      **AMENDED COMPLAINT**
            -against-                   :
                                        :
THE NEW YORK STATE DEPARTMENT OF        :
OF HEALTH , HOWARD ZUCKER,              :
COMMISSIONER OF THE NEW YORK STATE      :
DEPARTMENT OF HEALTH, in his official   :
capacity, and VISITING NURSE ASSOCIATION :
HEALTH CARE SERVICES, INC., d/b/a VNA   :
of STATEN ISLAND,                       :
                                        :
                        Defendants.     :
------------------------------------------------------------x

    Defendants the New York State Department of Health ("DOH") and Howard Zucker, as

Commissioner of DOH (collectively, "State Defendants"), answer the First Amended Class

Action Amended Complaint dated May 22, 2019[1] ("Amended Complaint"), as follows:

## AS TO THE PRELIMINARY STATEMENT

    1.      With respect to paragraph 1 of the Amended Complaint, the allegations therein set

forth the nature and bases of Plaintiffs' claims without making factual allegations and,

accordingly, no response is necessary; but, to the extent a response is deemed required, deny the

allegations contained therein.

---

[1] The Amended Complaint was filed on the court's ECF on May 23, 2019.

2.      With respect to paragraph 2 of the Amended Complaint: as to the first and second sentences, deny knowledge or information as to the truth or accuracy of the allegations contained therein; as to the rest of the allegations, deny the allegations contained therein.

3.      With respect to paragraph 3 of the Amended Complaint: as to the first through fifth sentences, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein; as to the sixth sentence, deny the allegations therein; as to the seventh and eighth sentences, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

4.      With respect to paragraph 4 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

5.      With respect to paragraph 5 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

6.      With respect to paragraph 6 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents

produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

7.     With respect to paragraph 7 of the Amended Complaint, deny knowledge or information as to the truth or accuracy of the allegations contained therein.

8.     With respect to paragraph 8 of the Amended Complaint: as to the first and third sentences, deny the allegations therein; as to the second sentence, deny knowledge or information as to the truth or accuracy of the allegations contained therein and respectfully refer the Court to the material cited for the best description of its content and, to the extent the allegations are inconsistent therewith, deny the allegations contained therein.

9.     With respect to paragraph 9 of the Amended Complaint, deny knowledge or information as to the truth or accuracy of the allegations contained therein and respectfully refer the Court to the materials cited for the best description of their content and, to the extent the allegations are inconsistent therewith, deny the allegations contained therein.

10.     With respect to paragraph 10 of the Amended Complaint, deny knowledge or information as to the truth or accuracy of the allegations contained therein and respectfully refer the Court to the materials cited for the best description of their content.

11.     With respect to paragraph 11 of the Amended Complaint, deny knowledge or information as to the truth or accuracy of the allegations contained therein and respectfully refer the Court to the material cited for the best description of its content.

12.     With respect to paragraph 12 of the Amended Complaint, the allegations therein contain broad generalizations without attribution that purport to be factual information and accordingly no response is necessary but, to the extent a response is deemed required, deny the allegations contained therein.

13.     With respect to paragraph 13 of the Amended Complaint: as to the first and second sentences, the allegations therein contain broad generalizations without attribution that purport to be factual information and accordingly no response is necessary but, to the extent a response is deemed required, deny the allegations contained therein; as to the third sentence, admit that defendant Visiting Nurse Association Health Care Service, Inc., d/b/a VNA of Staten Island ("VNA") administered the Nursing Home Transition and Diversion ("NHTD") waiver program in New York City under contract with DOH.

14.     With respect to paragraph 14 of the Amended Complaint, deny the allegations contained therein.

15.     With respect to paragraph 15 of the Amended Complaint: as to the first, second and third sentences, deny the allegations contained therein; as to the last sentence, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

16.     With respect to paragraph 16 of the Amended Complaint, the allegations therein set forth the nature and bases of Plaintiffs' claims without making factual allegations and, accordingly, no response is necessary; but, to the extent a response is deemed required, deny the allegations contained therein.

## AS TO JURISDICTION AND VENUE

17.     With respect to paragraph 17 of the Amended Complaint, the allegations therein set forth the nature and bases of Plaintiffs' claims without making factual allegations and, accordingly, no response is necessary; but, to the extent a response is deemed required, deny the allegations contained therein.

18.      With respect to paragraph 18 of the Amended Complaint, deny the allegations contained therein, except admit that Plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

19.      With respect to paragraph 19 of the Amended Complaint, deny the allegations contained therein, except admit that Plaintiffs purport to lay venue in the judicial district stated therein.

## AS TO THE PARTIES

20.      With respect to paragraph 20 of the Amended Complaint, deny knowledge or information as to the truth or accuracy of the allegations contained therein; but, to the extent a response is deemed required, deny the allegations contained therein.

21.      With respect to paragraph 21 of the Amended Complaint, there are no factual allegations and, accordingly, no response is necessary; but, to the extent a response is deemed required, deny the allegations contained therein and refer the Court to State Defendants' responses to paragraphs 96 through 148 of the Amended Complaint.

22.      With respect to paragraph 22 of the Amended Complaint, deny the allegations contained therein, except admit that DOH is an agency of the State of New York and respectfully refer the Court to all applicable statutes and regulations for the best description of the powers and duties of DOH.

23.      With respect to paragraph 23 of the Amended Complaint, deny the allegations contained therein, except admit that Defendant Howard Zucker is Commissioner of DOH and respectfully refer the Court to all applicable statutes and regulations for the best description of the powers and duties of the Commissioner of DOH.

24.     With respect to paragraph 24 of the Amended Complaint:  as to the first and fourth sentences, deny knowledge or information as to the truth or accuracy of the allegations contained therein; as to the second and third sentences, admit the allegation therein.

## AS TO THE LEGAL AND STATUTORY FRAMEWORK

25.     With respect to paragraph 25 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited constitutional authorities and case law for the best description of their content and deny any inconsistent characterization given thereto by Plaintiffs.

26.     With respect to paragraph 26 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited statutory authorities, regulatory authorities and case law for the best description of their content and deny any inconsistent characterization given thereto by Plaintiffs.

### As To The Americans with Disabilities Act and the Rehabilitation Act

27.     With respect to paragraph 27 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited statutory and regulatory authorities for the best description of their content and deny any inconsistent characterization given thereto by Plaintiffs.

28.     With respect to paragraph 28 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited statutory and regulatory authorities for the best description of their content and deny any inconsistent characterization given thereto by Plaintiffs.

29.    With respect to paragraph 29 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited case law for the best description of its content and deny any inconsistent characterization given thereto by Plaintiffs.

**As To The Medicaid Act**

30.    With respect to paragraph 30 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited statutory and regulatory authorities for the best description of their content and deny any inconsistent characterization given thereto by Plaintiffs.

31.    With respect to paragraph 31 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited statutory authorities for the best description of their content and deny any inconsistent characterization given thereto by Plaintiffs.

32.    With respect to paragraph 32 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited statutory and regulatory authorities for the best description of their content and deny any inconsistent characterization given thereto by Plaintiffs.

33.    With respect to paragraph 33 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited statutory and regulatory authorities for the best description of their content and deny any inconsistent characterization given thereto by Plaintiffs.

34.    With respect to paragraph 34 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited statutory authority for the best description of its content and deny any inconsistent characterization given thereto by Plaintiffs.

35.     With respect to paragraph 35 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court all relevant statutory and regulatory authority related to the administration of social services programs in New York State, including the Federal Medicaid Act, 42 U.S.C. § 1396 *et seq.* ("Medicaid"), for the best description of their content and deny any inconsistent characterization given thereto by Plaintiffs.

36.     With respect to paragraph 36 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited statutory authority, constitutional authority and case law for the best description of their content and deny any inconsistent characterization given thereto by Plaintiffs.

**As To Medicaid Waivers**

37.     With respect to paragraph 37 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited statutory authority for the best description of its content and deny any inconsistent characterization given thereto by Plaintiffs.

38.     With respect to paragraph 38 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited statutory authority for the best description of its content and deny any inconsistent characterization given thereto by Plaintiffs.

39.     With respect to paragraph 39 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited statutory authority for the best description of its content and deny any inconsistent characterization given thereto by Plaintiffs.

*40.     With respect to paragraph 40 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited statutory authority and administrative guidance for the best description of their content and deny any inconsistent characterization given thereto by Plaintiffs.

## AS TO THE FACTUAL ALLEGATIONS

### As to New York's Nursing Home Transition and Diversion Waiver

41.     With respect to paragraph 41 of the Amended Complaint, deny the allegations

therein except admit that DOH's NHTD waiver program application expired in August 2015,

operated for a period of time on a temporary extension and that a new waiver application was

approved by the federal Centers for Medicaid and Medicare Services ("CMS") effective July 1,

2018.

42.     With respect to paragraph 42 of the Amended Complaint: as to the first sentence,

admit the allegation therein; as to the second sentence, admit that the cited document contains

information regarding the number of individuals who could potentially be enrolled in the NHTD

waiver program and respectfully refer the Court to the cited document for the best description of

its content and deny any inconsistent characterization given thereto by Plaintiffs; as to the third

sentence, admit the allegations therein.

43.     With respect to paragraph 43 of the Amended Complaint: as to the first sentence,

admit that enrollment was reduced and the enrollment caps not reached and otherwise deny the

allegations therein ; as to the second sentence, deny the allegations therein; as to the third

sentence admit that the cited document contains information regarding the enrollment cap and

respectfully refer the Court to the cited document for the best description of its content and deny

any inconsistent characterization given thereto by Plaintiffs; as to the fourth sentence, admit that

the cited document contains information regarding the number of individuals enrolled in the

NHTD waiver program and respectfully refer the Court to the cited document for the best description of its content and deny any inconsistent characterization given thereto by Plaintiffs; as to the fifth sentence, deny the allegations therein.

44.     With respect to paragraph 44 of the Amended Complaint, deny the allegations contained therein, and respectfully refer the Court to all applicable statutes, regulations and program manuals for the best description of the scope of the NHTD waiver program.

45.     With respect to paragraph 45 of the Amended Complaint, deny the allegations contained therein, and respectfully refer the Court to all applicable statutes, regulations and program manuals for the best description of the scope of the NHTD waiver program.

46.     With respect to paragraph 46 of the Amended Complaint, admit that the cited document contains the quoted language and respectfully refer the Court to the document for the best description of its content and deny any inconsistent characterization given thereto by Plaintiffs.

47.     With respect to paragraph 47 of the Amended Complaint, deny the allegations contained therein.

**As to The Structure of the Program**

48.     With respect to paragraph 48 of the Amended Complaint: as to the first, second, and third sentences, admit the allegation therein; as to the fourth and fifth sentences, admit that the cited document contains the quoted language and respectfully refer the Court to the document for the best description of its content and deny any inconsistent characterization given thereto by Plaintiffs.

49.     With respect to paragraph 49 of the Amended Complaint, admit that the cited document contains the quoted language and respectfully refer the Court to the document for the

best description of its content and deny any inconsistent characterization given thereto by Plaintiffs.

50.     With respect to paragraph 50 of the Amended Complaint, deny the allegations contained therein, and respectfully refer the Court to all applicable statutes, regulations and program manuals for the best description of the scope of the NHTD waiver program and the role of the Regional Resource Development Centers ("RRDC") and Regional Resource Development Specialists ("RRDS") and specifically deny that RRDC's maintain regional budgets.

51.     With respect to paragraph 51 of the Amended Complaint: as to the first sentence, admit that RRDCs employ Nurse Evaluators and respectfully refer the Court to all applicable statutes, regulations and contracts for the best description of the scope of work performed by Nurse Evaluators as part of the NHTD waiver program; as to the second sentence, deny the allegations therein and respectfully refer the Court to all applicable statutes, regulations and contracts for the best description of the scope of work performed by Nurse Evaluators as part of the NHTD waiver program.

52.     With respect to paragraph 52 of the Amended Complaint, deny the allegations therein.

53.     With respect to paragraph 53 of the Amended Complaint, admit the allegations therein.

54.     With respect to paragraph 54 of the Amended Complaint, deny the allegations therein.

**As to The Nursing Home Transition and Diversion Housing Subsidy**

55.     With respect to paragraph 55 of the Amended Complaint:  as to the first sentence, admit that DOH administers the NHTD Housing Subsidy and respectfully refer the Court to all

applicable statutes, regulations and contracts for the best description of the scope of the NHTD Housing Subsidy; as to the second sentence, deny the allegations therein; as to the third sentence, admit the allegations therein.

56.    With respect to paragraph 56 of the Amended Complaint, deny the allegations therein.

57.    With respect to paragraph 57 of the Amended Complaint, deny the allegations therein.

### As to Eligibility Criteria

58.    With respect to paragraph 58 of the Amended Complaint: as to the list of criteria for eligibility to participate in the NHTD Medicaid waiver program, admit the allegations therein and further respectfully refer the Court to all applicable statutes, regulations and program manuals for the best description of the scope of the NHTD waiver program;  as to footnote 2 in paragraph 58, admit generally the allegations therein but deny that a Service Coordinator's role as an advocate has no limitations;  as to footnote 3 in paragraph 58, admit the allegations therein.

59.    With respect to paragraph 59 of the Amended Complaint, admit the allegations therein and further respectfully refer the Court to all applicable statutes, regulations and program manuals for the best description of the scope of the NHTD waiver program.

### As to The Application Process

60.    With respect to paragraph 60 of the Amended Complaint, deny the allegations therein.

61.    With respect to paragraph 61 of the Amended Complaint, admit the allegations therein.

62.     With respect to paragraph 62 of the Amended Complaint: as to the first and second sentences, admit the allegations therein; as to the third and fifth sentences, deny the allegations therein; as to the fourth sentence, deny the allegations therein and respectfully refer the Court to all applicable statutes, regulations, policy manuals and contracts for the best description of the duties of the RRDS.

63.     With respect to paragraph 63 of the Amended Complaint: as to the fourth sentence, deny the allegations therein; as to the other sentences, admit the allegations therein and respectfully refer the Court to all applicable statutes, regulations, contracts and program manuals for the best description of the NHTD waiver program.

64.     With respect to paragraph 64 of the Amended Complaint, admit the allegations therein and respectfully refer the Court to all applicable statutes, regulations, contracts and program manuals for the best description of the NHTD waiver program.

65.     With respect to paragraph 65 of the Amended Complaint, deny that the paragraph accurately describe the NHTD waiver application process and respectfully refer the Court to all applicable statutes, regulations, contracts and program manuals for the best description of the duties of the RRDS and Service Coordinators.

66.     With respect to paragraph 66 of the Complaint, admit the allegations therein and respectfully refer the Court to all applicable statutes, regulations, contracts and program manuals for the best description of the NHTD waiver program.

67.     With respect to paragraph 67 of the Amended Complaint, deny the allegations therein and respectfully refer the Court to all applicable statutes, regulations, contracts and program manuals for the best description of the NHTD waiver program.

68.     With respect to paragraph 68 of the Amended Complaint, admit the allegations therein and respectfully refer the Court to all applicable statutes, regulations, contracts and program manuals for the best description of the NHTD waiver program.

69.     With respect to paragraph 69 of the Amended Complaint, admit the allegations therein and respectfully refer the Court to all applicable statutes, regulations, contracts and program manuals for the best description of the NHTD waiver program.

70.     With respect to paragraph 70 of the Amended Complaint, admit the allegations therein and respectfully refer the Court to all applicable statutes, regulations, contracts and program manuals for the best description of the NHTD waiver program.

71.     With respect to paragraph 71 of the Amended Complaint, admit the allegations therein and respectfully refer the Court to all applicable statutes, regulations, contracts and program manuals for the best description of the NHTD waiver program.

72.     With respect to paragraph 72 of the Amended Complaint: as to the last sentence, deny the allegations therein; as to the other sentences, admit the allegations therein and respectfully refer the Court to all applicable statutes, regulations, contracts and program manuals for the best description of the NHTD waiver program.

73.     With respect to paragraph 73 of the Amended Complaint, deny the allegations therein except to admit that State and Federal regulations require that fair hearing decisions must be issued within 90 days of a hearing and respectfully refer the Court to all applicable statutes and regulations for the best description of rules for the issuance of administrative decisions after fair hearing.

74.     With respect to paragraph 74 of the Amended Complaint, deny the allegations therein.

**As to The Administration of the NHTD Medicaid Waiver Program in New York City**

75.    With respect to paragraph 75 of the Amended Complaint, deny the allegations therein.

76.    With respect to paragraph 76 of the Amended Complaint, deny the allegations therein.

77.    With respect to paragraph 77 of the Amended Complaint, deny the allegations therein.

**As to Inadequate Resources at Intake**

78.    With respect to paragraph 78 of the Amended Complaint, deny the allegations therein.

79.    With respect to paragraph 79 of the Amended Complaint, deny the allegations therein.

80.    With respect to paragraph 80 of the Amended Complaint, admit the allegations therein.

81.    With respect to paragraph 81 of the Amended Complaint: as to the first sentence, admit the allegations therein; as to the last sentence, deny the allegations therein.

**As to Lack of Notice**

82.    With respect to paragraph 82 of the Amended Complaint, deny the allegations therein.

83.    With respect to paragraph 83 of the Amended Complaint, given that VNA no longer is the RRDC, deny the allegations therein.

84.    With respect to paragraph 84 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents

produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

85.     With respect to paragraph 85 of the Amended Complaint, given that VNA no longer is the RRDC, deny the allegations therein.

86.     With respect to paragraph 86 of the Amended Complaint, given that VNA no longer is the RRDC, deny the allegations therein.

87.     With respect to paragraph 87 of the Amended Complaint, given that VNA no longer is the RRDC, deny the allegations therein.

88.     With respect to paragraph 88 of the Amended Complaint, given that VNA no longer is the RRDC, deny the allegations therein.

89.     With respect to paragraph 89 of the Amended Complaint, deny the allegations therein and respectfully refer respectfully refer the Court to the NHTD Waiver Program Manual for the best description of its content.

90.     With respect to paragraph 90 of the Amended Complaint, given that VNA no longer is the RRDC, deny the allegations therein.

91.     With respect to paragraph 91 of the Amended Complaint, deny the allegations therein.

**As to Additional Barriers to Program Access**

92.     With respect to paragraph 92 of the Amended Complaint, deny the allegations therein.

93.     With respect to paragraph 93 of the Amended Complaint, given that VNA no longer is the RRDC, deny the allegations therein.

94.     With respect to paragraph 94 of the Amended Complaint, given that VNA no longer is the RRDC, deny the allegations therein.

95.     With respect to paragraph 95 of the Amended Complaint, deny knowledge or information as to the truth or accuracy of the allegations contained therein.

96.     With respect to paragraph 96 of the Amended Complaint: as to the last sentence, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

97.     With respect to paragraph 97 of the Amended Complaint, deny the allegations therein.

98.     With respect to paragraph 98 of the Amended Complaint, deny the allegations therein.

99.     With respect to paragraph 99 of the Amended Complaint, deny the allegations therein.

100.    With respect to paragraph 100 of the Amended Complaint, deny the allegations therein.

## AS TO FACTUAL ALLEGATIONS ABOUT NAMED PLAINTIFFS

### As to Michelle Bagley

101.    With respect to paragraph 101 of the Amended Complaint: as to the first sentence, admit the allegations therein;  as to the second sentence, admit that Terrace Health Care is a skilled nursing facility that provides palliative, restorative and long-term care to its residents; as to the rest of the allegations, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case,

which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

102.    With respect to paragraph 102 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

103.    With respect to paragraph 103 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

104.    With respect to paragraph 104 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

105.    With respect to paragraph 105 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

106.    With respect to paragraph 106 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

107.   With respect to paragraph 107 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

108.   With respect to paragraph 108 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

109.   With respect to paragraph 109 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

110.   With respect to paragraph 110 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

111.   With respect to paragraph 111 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

112.   With respect to paragraph 112 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents

produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

113.    With respect to paragraph 113 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

114.    With respect to paragraph 114 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

**As to Gary Milline**

115.    With respect to paragraph 115 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

116.    With respect to paragraph 116 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

117.    With respect to paragraph 117 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

118.    With respect to paragraph 118 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

119.    With respect to paragraph 119 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

120.    With respect to paragraph 120 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

121.    With respect to paragraph 121 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

122.    With respect to paragraph 122 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

123.    With respect to paragraph 123 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents

produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

124.    With respect to paragraph 124 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

125.    With respect to paragraph 125 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

126.    With respect to paragraph 126 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

**<u>As to Hamilton Smith</u>**

127.    With respect to paragraph 127 of the Amended Complaint, admit that Split Rock Rehabilitation and Health Care Center is a nursing home in the Bronx and admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the remaining allegations contained therein.

128.    With respect to paragraph 128 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents

produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

129.    With respect to paragraph 129 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

130.    With respect to paragraph 130 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

131.    With respect to paragraph 131 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

132.    With respect to paragraph 132 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

133.    With respect to paragraph 133 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

134.    With respect to paragraph 134 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

135.    With respect to paragraph 135 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

136.    With respect to paragraph 136 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

137.    With respect to paragraph 137 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

138.    With respect to paragraph 138 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

139.    With respect to paragraph 139 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents

produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

140.    With respect to paragraph 140 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

141.    With respect to paragraph 141 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

142.    With respect to paragraph 142 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

143.    With respect to paragraph 143 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

144.    With respect to paragraph 144 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

145.    With respect to paragraph 145 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

146.    With respect to paragraph 146 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

147.    With respect to paragraph 147 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

**<u>As to Marcella Urban</u>**

148.    With respect to paragraph 148 of the Amended Complaint: as to the first sentence, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein; as to the second sentence, admit that Brookhaven Rehabilitation and Health Care Center is a skilled nursing facility in Queens and otherwise deny knowledge or information as to the truth or accuracy of the remaining allegations contained therein.

149.    With respect to paragraph 149 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents

produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

150.    With respect to paragraph 150 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

151.    With respect to paragraph 151 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

152.    With respect to paragraph 152 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

153.    With respect to paragraph 153 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

154.    With respect to paragraph 154 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

155.     With respect to paragraph 155 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

156.     With respect to paragraph 156 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

157.     With respect to paragraph 157 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

158.     With respect to paragraph 158 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

159.     With respect to paragraph 159 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

**As to Sharan Harper**

160.     With respect to paragraph 160, of the Amended Complaint, deny the allegations contained therein.

161.     With respect to paragraph 161of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

162.     With respect to paragraph 162 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

163.     With respect to paragraph 163 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

164.     With respect to paragraph 164 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise  deny knowledge or information as to the truth or accuracy of the allegations contained therein.

165.     With respect to paragraph 165 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise, deny knowledge or information as to the truth or accuracy of the allegations contained therein.

166.     With respect to paragraph 166 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents

produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

167.    With respect to paragraph 167 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

168.    With respect to paragraph 168 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

169.    With respect to paragraph 169 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

170.    With respect to paragraph 170 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

171.    With respect to paragraph 171 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

172.     With respect to paragraph 172 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

173.     With respect to paragraph 173 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

174.     With respect to paragraph 174 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

175.     With respect to paragraph 175 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

176.     With respect to paragraph 176 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

177.     With respect to paragraph 177 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents

produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

178.    With respect to paragraph 178 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

179.    With respect to paragraph 179 of the Amended Complaint, admit to the extent the truth of the allegation is affirmatively shown by the transcripts of the depositions and documents produced in this case, which speak for themselves, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

## AS TO FACTUAL ALLEGATIONS ABOUT THE PROPOSED CLASS

180.    With respect to paragraph 180 of the Amended Complaint, deny the allegations contained therein, except admit that Plaintiffs purport to proceed as stated therein.

181.    With respect to paragraph 181 of the Amended Complaint, deny knowledge or information as to the truth or accuracy of the allegations contained therein and respectfully refer the Court to the materials cited for the best description of their content.

182.    With respect to paragraph 182 of the Amended Complaint, deny the allegations contained therein.

183.    With respect to paragraph 183 of the Amended Complaint, deny the allegations contained therein, except admit that Plaintiffs purport to proceed as stated therein.

184.    With respect to paragraph 184 of the Amended Complaint, deny knowledge or information as to the truth or accuracy of the allegations contained therein.

185.    With respect to paragraph 185 of the Amended Complaint:  as to the first sentence, deny the allegations contained therein; as to the second sentence, deny knowledge or information as to the truth or accuracy of the allegations contained therein.

186.    With respect to paragraph 186 of the Amended Complaint, admit that Plaintiffs and the proposed class members are represented by MFJ and Petterson Belknap Webb & Tyler LLP, and otherwise deny knowledge or information as to the truth or accuracy of the allegations contained therein.

187.    With respect to paragraph 187 of the Amended Complaint, deny the allegations contained therein.

## AS TO CAUSES OF ACTION

## AS TO FIRST CAUSE OF ACTION

188.    With respect to paragraph 188 of the Amended Complaint, which re-alleges earlier paragraphs of the Amended Complaint, State Defendants restate their responses to those paragraphs made in this Answer.

189.    With respect to paragraph 189 of the Amended Complaint, admit that U.S. Constitution amendment XIV contains the quoted language and respectfully refer the Court to the cited constitutional authority for the best description of its content and deny any inconsistent characterization given thereto by Plaintiffs.

190.    With respect to paragraph 190 of the Amended Complaint, deny the allegations contained therein.

191.    With respect to paragraph 191 of the Amended Complaint, deny the allegations contained therein.

192.     With respect to paragraph 192 of the Amended Complaint, deny the allegations contained therein.

193.     With respect to paragraph 193 of the Amended Complaint, deny the allegations contained therein.

194.     With respect to paragraph 194 of the Amended Complaint, deny the allegations contained therein.

## AS TO SECOND CAUSE OF ACTION

195.     With respect to paragraph 195 of the Amended Complaint, which re-alleges earlier paragraphs of the Amended Complaint, State Defendants restate their responses to those paragraphs made in this Answer.

196.     With respect to paragraph 196 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited statutory authority for the best description of their content and deny any inconsistent characterization given thereto by Plaintiffs.

197.     With respect to paragraph 197 of the Amended Complaint, deny the allegations contained therein.

198.     With respect to paragraph 198 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited statutory authority and case law for the best description of their content and deny any inconsistent characterization given thereto by Plaintiffs.

199.     With respect to paragraph 199 of the Amended Complaint, deny the allegations contained therein.

200.     With respect to paragraph 200 of the Amended Complaint, deny the allegations contained therein.

201.    With respect to paragraph 201 of the Amended Complaint, deny the allegations contained therein.

202.    With respect to paragraph 202 of the Amended Complaint, deny the allegations contained therein.

## AS TO THIRD CAUSE OF ACTION

203.    With respect to paragraph 203 of the Amended Complaint, which re-alleges earlier paragraphs of the Amended Complaint, State Defendants restate their responses to those paragraphs made in this Answer.

204.    With respect to paragraph 204 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited statutory authority for the best description of its content and deny any inconsistent characterization given thereto by Plaintiffs.

205.    With respect to paragraph 205 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited statutory authority for the best description of its content and deny any inconsistent characterization given thereto by Plaintiffs.

206.    With respect to paragraph 206 of the Amended Complaint, deny the allegations contained therein and respectfully refer the Court to the cited case law for the best description of its content and deny any inconsistent characterization given thereto by Plaintiffs.

207.    With respect to paragraph 207 of the Amended Complaint, admit the allegations therein.

208.    With respect to paragraph 208 of the Amended Complaint, deny knowledge or information as to the truth or accuracy of the allegations contained therein.

209.    With respect to paragraph 209 of the Amended Complaint, admit the allegations therein.

210.    With respect to paragraph 210 of the Amended Complaint, deny the allegations contained therein.

211.    With respect to paragraph 211 of the Amended Complaint, deny the allegations contained therein.

## AS TO FOURTH CAUSE OF ACTION

212.    With respect to paragraph 212 of the Amended Complaint, which re-alleges earlier paragraphs of the Amended Complaint, State Defendants restate their responses to those paragraphs made in this Answer.

213.    With respect to paragraph 213 of the Amended Complaint, admit that 29 U.S.C. § 794(a) contains the quoted language and respectfully refer the Court to the cited statutory authority for the best description of its content and deny any inconsistent characterization given thereto by Plaintiffs.

214.    With respect to paragraph 214 of the Amended Complaint, admit that 29 U.S.C. § 41.51(d) contains the quoted language and respectfully refer the Court to the cited statutory authority for the best description of its content and deny any inconsistent characterization given thereto by Plaintiffs.

215.    With respect to paragraph 215 of the Amended Complaint, admit that the decision Olmstead v. L.C., 527 U.S. 581 (1999) contains the quoted language and respectfully refer the Court to the cited case law for the best description of its content and deny any inconsistent characterization given thereto by Plaintiffs.

216.    With respect to paragraph 216 of the Amended Complaint, admit the allegations therein.

217.     With respect to paragraph 217 of the Amended Complaint, aver that the allegations are vague and ambiguous and, therefore, deny knowledge of the truth or accuracy of the allegations contained therein and specifically deny that VNA receives funding to administer the NHTD Medicaid waiver program in New York.

218.     With respect to paragraph 218 of the Amended Complaint, deny knowledge or information as to the truth or accuracy of the allegations contained therein.

219.     With respect to paragraph 219 of the Amended Complaint, aver that the allegations are vague and ambiguous and call for a legal conclusion and, accordingly, respectfully refer the Court to all applicable statutes and regulations for the best description of the eligibility criteria for participation in the NHTD waiver program.

220.     With respect to paragraph 220 of the Amended Complaint, deny the allegations contained therein.

221.     With respect to paragraph 221 of the Amended Complaint, deny the allegations contained therein.

## <u>AS TO PRAYER FOR RELIEF</u>

222.     With respect to paragraph 1 of the Amended Complaint's Prayer For Relief, deny that Plaintiffs are entitled to the relief they seek.

192.     With respect to paragraph 2 of the Amended Complaint's Prayer For Relief, deny that Plaintiffs are entitled to the relief they seek.

193.     With respect to paragraph 3 of the Amended Complaint's Prayer For Relief, deny that Plaintiffs are entitled to the relief they seek.

194.     With respect to paragraph 4 of the Amended Complaint's Prayer For Relief, deny that Plaintiffs are entitled to the relief they seek.

195.    With respect to paragraph 5 of the Amended Complaint's Prayer For Relief, deny that Plaintiffs are entitled to the relief they seek.

196.    With respect to paragraph 6 of the Amended Complaint's Prayer For Relief, deny that Plaintiffs are entitled to the relief they seek.

197.    With respect to paragraph 7 of the Amended Complaint's Prayer For Relief, deny that Plaintiffs are entitled to the relief they seek.

198.    With respect to paragraph 8 of the Amended Complaint's Prayer For Relief, deny that Plaintiffs are entitled to the relief they seek.

## DEFENSES

199.    Without assuming any burden of proof or burden of going forward not required by law, Defendants assert the following defenses to the complaint:

### FOR A FIRST DEFENSE

200.    Any averments not specifically addressed herein are hereby denied.

### FOR A SECOND DEFENSE

201.    The Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted against State Defendants.

### FOR A THIRD DEFENSE

202.    This action must be dismissed for lack of a case and controversy.

### FOR A FOURTH DEFENSE

203.    There is no private right of action for some or all of Plaintiffs' claims.

### FOR A FIFTH DEFENSE

204.    Plaintiffs Michelle Bagley, Gary Milline, Hamilton Smith, Marcella Urban and Sharan Harper lack standing to bring their asserted claims.

## FOR A SIXTH DEFENSE

205.    Plaintiffs' claims are barred, in whole or in part, by sovereign immunity and the Eleventh Amendment of the United States Constitution.

## FOR A SEVENTH DEFENSE

206.    The Amended Complaint is barred, in whole or in part, by Plaintiffs' failure to exhaust administrative remedies.

## FOR AN EIGHTH DEFENSE

207.    The Amended Complaint must be dismissed, in whole or in part, because some or all of the claims are moot.

## FOR A NINTH DEFENSE

208.    The alleged conduct was properly within the discretionary authority committed to Defendant Howard Zucker to perform his official functions and the relief prayed for would constitute an improper intrusion into said discretionary authority.

## FOR A TENTH DEFENSE

209.    The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

## FOR AN ELEVENTH DEFENSE

210.    Some or all of the relief sought by Plaintiffs is not available under the applicable statutes and causes of action.

## FOR A TWELFTH DEFENSE

211.    Plaintiffs' claims against Howard Zucker in his official capacity as Commissioner of DOH are barred by qualified immunity.

## FOR A THIRTEENTH DEFENSE

212.     The Amended Complaint must be dismissed, in whole or in part, because some or

all of the claims fail to present a redressable injury.

## FOR A FOURTEENTH DEFENSE

213.     Some or all of Plaintiffs' claims are unripe.

## FOR A FIFTEENTH DEFENSE

214. The relief sought by Plaintiff under the Americans With Disabilities Act and/or the

Rehabilitation Act would constitute a fundamental alteration of State Defendants' programs

and/or would constitute an undue burden on State Defendants, and is therefore unavailable

**WHEREFORE**, State Defendants respectfully requests that this Court deny the relief

requested in the Amended Complaint against State Defendants, dismiss this action against State

Defendants, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
          February 20, 2020

> **LETITIA JAMES**
> Attorney General of the
>    State of New York
> Attorney for State Defendant
> 28 Liberty Street
> New York, New York 10005
>
>
> By:_____
> John Gasior
> Noam Lerer
> Assistant Attorneys General
> (212) 416-8570