UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
MICHELLE BAGLEY, GARY
MILLINE, HAMILTON SMITH,
MARCELLA URBAN, and other
similarly situated individuals,

               Plaintiffs,

   -against-

THE NEW YORK STATE
DEPARTMENT OF HEALTH,
HOWARD ZUCKER,
COMMISSIONER OF THE NEW
YORK STATE DEPARTMENT OF
HEALTH, in his official capacity, and
VISITING NURSE ASSOCIATION
HEALTH CARE SERVICES, INC.,
d/b/a VNA of STATEN ISLAND,

               Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 15-CV-4845 (FB) (CLP)

*Appearances:*
*For the Plaintiffs*:

MICHAEL F. BUCHANAN
BRANDON TRICE
GEORGE SOUSSOU
GREG MARGOLIS
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036

*For Defendant Visiting Nurse
Association Health Care Services,
Inc., d/b/a VNA of Staten Island*:

LAURA B. JUFFA
Kaufman Borgeest & Ryan LLP
120 Broadway, 14th Floor
New York, New York 10271

1

KEVIN CREMIN
ORIER OKUMAKPEYI
DANIEL ROSS
Mobilization for Justice
100 Williams Street
New York, New York 10038

**BLOCK, Senior District Judge:**

Defendant Visiting Nurse Association Health Care Services, Inc., d/b/a VNA of Staten Island ("VNA"), moves to dismiss the plaintiffs' complaint against it based on mootness. For the following reasons, the motion is granted.

I

The Home- and Community-Based Services Waiver Program ("HCBS") aims to provide services to people with disabilities as an alternative to institutional care in nursing homes. The program is funded by Medicaid and administered by the states. New York State's version of the program is administered by its Department of Health ("DOH"), which in turn contracts with private not-for-profit organizations to serve as Regional Resource Development Centers ("RRDCs") throughout the state. In 2010, VNA became the RRDC for the New York City Region.

In 2015, the plaintiffs sued DOH, its commissioner, Howard Zucker, and VNA. Each alleges that his or her access to HCBS was improperly denied or delayed. Collectively they argue that administration of the program in New York City violates their rights under the Medicaid Act, the Americans With Disabilities Act ("ADA"), the Rehabilitation Act, and the Due Process Clause of the Fourteenth

2

Amendment. They seek primarily declaratory and injunctive relief, but also "such other and further relief as the Court deems equitable and just." Am. Compl. 50.

DOH's contract with VNA terminated on October 31, 2019; it was not renewed. Instead, DOH contracted with Westchester Independent Living Center ("WILC") to be the RRDC for the New York City Region through April 30, 2024. Based on this development, VNA argues that the plaintiffs' claims have become moot.

## II

"If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). A plaintiff loses the necessary "personal stake," however, "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Employees*, 567 U.S. 298, 307 (2012) (internal quotation marks omitted). Such a stake must be present "for each type of relief sought," *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); therefore, the Court examines each type of relief in turn.

3

**A.     Declaratory Relief**

The plaintiffs first seek a declaration that VNA's practices violated the Medicaid Act, the ADA, the Rehabilitation Act, and the Fourteenth Amendment. In the context of declaratory relief, the question of mootness is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (citation and internal quotation marks omitted).

The plaintiffs posit a "significant likelihood, if not an inevitability, that WILC "will simply continue VNA's policies and procedures absent a declaration that they are unlawful," and that a declaratory judgment as of to the legality of those policies will "thus affect the proper design and administration of the program going forward." Pls.' Mem. of Law 13. That may be true, but they are no longer VNA's policies and procedures; the proper party to defend them (if, indeed, they remain in place) is the current RRDC, WILC. The plaintiffs expressly declined an opportunity to amend their complaint to name WILC as a defendant.

**B.     Injunctive Relief**

The plaintiffs seek an injunction requiring VNA to remedy the claimed statutory and constitutional violations in certain respects. This, too, is not

4

meaningful relief; VNA could not comply with the injunction for the simple reason that it is no longer in a position to make the changes sought.

The plaintiffs argue that VNA might one day return as the RRDC and, therefore, that the case falls within the "capable of repetition, yet evading review" exception to mootness. This exception applies if "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam).

While the litigation has been protracted, nothing about VNA's conduct makes it inherently likely to evade review. *Cf. Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 143 (2d Cir. 1994) ("[T]here is no reason to believe that the issue presented by this case could not be litigated in the four-year span of a standard undergraduate education."). More importantly, the Second Circuit has "described the requisite likelihood of repetition as a demonstrated probability or a reasonable expectation." *Id*. (citations and internal quotation marks omitted). Plaintiffs can only speculate that VNA might reapply to become the RRDC in 2024 and, even if it did, that DOH would award it the contract. For these reasons, the Court finds the exception not applicable.

5

## C.     "Other and Further Relief"

Money damages would, of course, constitute effectual relief regardless of VNA's current or future status as RRDC.  The plaintiffs ask the Court to interpret their prayer for "such other and further relief as the Court deems equitable and just," Am. Compl. 50, to include such damages.  In the alternative, they seek leave to amend to add a specific prayer for that relief.

The Second Circuit faced similar requests in *Fox* and rejected them:

> We are especially reluctant in these circumstances to read a damages claim into the Complaint's boilerplate prayer for "such other relief as the Court deems just and proper," or to conclude that the district court should have exercised its discretion to permit an amendment of the Complaint to seek nominal damages.

42 F.2d at 141-42.

To be sure, the "circumstances" included dispositive defenses based on the Eleventh Amendment and qualified immunity.  *See id.* at 141.  That is not a concern here, but other circumstances warrant the same result.  On October 31, 2018, VNA's counsel informed plaintiffs' counsel that her client would not be seeking reappointment as RRDC, and that its decision would moot the case.  Plaintiffs filed an amended complaint several months later, but did not add a claim for damages.  Then, as noted, VNA's term ended on October 31, 2019.  The parties stipulated that the plaintiffs had until January 16, 2020, to file a second amended complaint; they

6

opted not to do so.  That the plaintiffs twice forewent an opportunity to add a claim for damages weighs against allowing them to do so now.

Moreover, fact discovery proceeded on the assumption that plaintiffs were not seeking damages and has now been closed for over a year.  A belated claim for damages would further delay these already protracted proceedings.

For those reasons, the Court declines the plaintiff's invitation to inject a damages claim into what has until now been a case about prospective relief.

### III

The plaintiffs claim that VNA was a major source of their difficulties with New York's HCBS Waiver Program and are understandably frustrated that five years of litigation may not result in a judgment against it.  It is worth repeating, however, that the reason is that VNA is no longer the RRDC, which may itself bring about some of the changes the plaintiffs seek.  In addition, their claims against DOH and Zucker—both of whom have answered the complaint—will proceed.

VNA's motion to dismiss is granted.

**SO ORDERED**.

_/S/ Frederic Block_____  
FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
February 23, 2021