# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

August 23, 2021

Michael F. Buchanan
Partner
(212) 336-2350
mfbuchanan@pbwt.com

*By Electronic Filing*

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Bagley, et al. v. N.Y. State Dep't of Health, et al.*, 15-cv-4845 (E.D.N.Y.)

Dear Judge Block:

    We represent Plaintiffs Michelle Bagley, Gary Milline, Hamilton Smith, Marcella Urban, and Sharan Harper in the above-referenced action. We write jointly with Defendants New York State Department of Health ("DOH") and Howard Zucker (together, "Defendants") to inform the Court that the parties have reached the framework for a potential settlement to resolve Plaintiffs' claims in the above-captioned litigation. Because the parties will require additional time to finalize the terms of their potential settlement agreement and obtain the necessary administrative approvals from both DOH and, potentially, the federal Centers for Medicare & Medicaid Services ("CMS") in order to execute such an agreement, the parties jointly request a six-month adjournment of all deadlines in this matter, including the pre-trial conference and trial currently scheduled for September 3 and September 20, 2021 respectively, in order to accomplish those tasks.

    By way of background, Plaintiffs seek declaratory and injunctive relief with respect to New York Department of Health's administration of its Nursing Home Transition and Diversion ("NHTD") program. Because the NHTD program is a Medicaid waiver program administered by DOH, it is subject to a panoply of federal and state regulations. Accordingly, although the parties have been engaged in good-faith settlement discussions over the last several weeks—and have made significant progress towards a workable agreement—drafting and executing a final settlement agreement will require the review and approval of a number of stakeholders in the state and federal government. In light of these approval requirements, even if the parties were able to finalize the remaining terms of their settlement agreement within the next few days, it likely would not be possible to obtain all necessary approvals and signatures for that agreement before the trial in this matter is scheduled to commence on September 20, 2021.

    Furthermore, given that Plaintiffs are represented by *pro bono* counsel and Defendants are represented by the State Attorney General's office, the parties are mindful of the significant resources involved in continuing to simultaneously work towards a meaningful resolution, a process which has involved numerous meetings among the various stakeholders,

The Honorable Frederic Block
August 23, 2021
Page 2

while also preparing for a complex, class-action trial.  In particular, several of the parties' key witnesses have been instrumental to the settlement progress made thus far, but their continued involvement in the settlement process will be limited by the demands of trial preparation in the coming weeks, which will hamper resolution of this matter.  The parties thus believe it would be in their best interests to dedicate their full attention and resources to reaching a resolution over the next few weeks.  While the parties hope to reach a resolution on injunctive relief within a matter of weeks,[1] and to obtain any necessary approvals from DOH and CMS within the next few months, we are requesting a six-month adjournment of all current deadlines, subject to the Court's other commitments, out of an abundance of caution. The parties believe that setting a control date for the trial six months from now will ensure that the parties remain focused on reaching a final resolution of this matter well before that time.

      If the Court would like to discuss this joint request, the parties respectfully request that the Court schedule a telephonic conference this week (and in advance of the September 3, 2021 pre-trial conference), subject to the Court's availability.

Respectfully submitted,

Michael F. Buchanan

cc: *(by ECF)*
All Counsel of Record

---

[1] Once the parties are in full agreement on injunctive relief, it will also be necessary to then turn to attorneys' fees and costs.